OPINION.
Defendant-appellant Lee M. Julious was convicted on nine separate counts of breaking and entering, theft, and vandalism. In this appeal, the principal issue raised by his three assignments of error is the admissibility of the most incriminating evidence against him: his own confessions. Because we hold, for the reasons that follow, that the confessions were not unconstitutionally tainted, and that all of his confessions were supported by sufficient evidence that a crime had been committed, we affirm.
Julious witnessed a homicide in Lockland, Ohio. The commission of the offense convinced him to flee from that city altogether, and he proceeded to walk to the neighboring community of Glendale. A Glendale police officer recognized Julious, knew that he was wanted on several outstanding warrants, and decided to engage him in conversation. The officer eventually arrested Julious and notified the Lockland police, who also wanted to speak with Julious about outstanding warrants from that city. A Lockland police officer appeared to transport Julious to the Lockland police station for interrogation.
There is conflicting testimony as to what occurred next. According to Julious, specific promises of leniency were made in return for his cooperation in other cases. But multiple officers testified at a suppression hearing that the statements that they had made to Julious were vague promises of general assistance in return for his cooperation with the homicide that he had witnessed, and in resolving the three crimes in which they suspected his culpability.
According to the officers' testimony, they originally had intended to charge Julious with only three crimes, even though they suspected that he had committed several others in the same area. Apparently in order to give Julious an opportunity to confirm their suspicions, they drove Julious around Glendale, Evendale and Springdale, in the course of which he pointed out several locations where he had previously committed crimes. These confessions were the basis for the convictions that Julious now appeals.
We address Julious's second assignment of error first. He argues that because he was not asked to sign Miranda waiver forms by every police officer who interrogated him, the state failed to prove that his confessions were voluntary. But those forms, while helpful in proving that Julious had knowingly waived his rights under Miranda, were not required to establish that his confessions were given voluntarily. Whether Julious was actually read his rights and intelligently waived them was an issue of fact that the trial court decided after having had the opportunity to hear the testimony and to view the demeanor of the witnesses. There is nothing in the record that would indicate that the court failed to appropriately resolve the conflicting testimony on this issue. Further, there is no suggestion of coercive conduct on the part of the police that might have rendered the confessions involuntary. Julious's second assignment of error is overruled.
Julious's first assignment of error presents an alternative argument that his confessions were involuntary. He claims that, during four separate conversations, the officers made specific promises of leniency in return for his confessions. First, an officer told Julious that he would try to help him by having him admitted into a drug-treatment program. Second, while in the car pointing out the locations of other crimes that he had committed, Julious asked, "What do I get out of this?" An officer replied, "Well, what if I don't charge you? I'm just trying to close cases." In the third conversation, an officer told Julious that he occasionally reported to prosecutors and judges that a defendant had helped in other cases, and that he might receive more leniency than would otherwise be warranted. Finally, according to an officer's testimony, he told Julious that if he cooperated in the homicide investigation and in resolving Julious's original three charges, then there probably would not be any additional charges brought.
Julious was originally charged with only three offenses, but he pleaded not guilty. The court then recommended that he be charged with all the offenses for which he had admitted culpability.
Suggestions of leniency by the police are not enough to invalidate a confession.[1] Also, promises that a defendant's cooperation will be considered in the disposition of charges do not invalidate a confession.[2] In State v. Chase, the majority made the determination that a police offer of assistance did not make the defendant's confession involuntary.[3] In this case, the first three conversations between Julious and the police involved only suggestions of leniency or offers of help in exchange for the confessions. Thus, the trial court correctly ruled that the confessions attributable to those conversations were admissible.
But the testimony of the officer who admitted that he "probably" would not have charged Julious with additional crimes if he cooperated is more problematic. To evaluate these circumstances, we do not look to the bare language of the alleged promise, but rather to the nature of the benefit to be derived by Julious if he confessed.[4] The trial court, by admitting the confessions, implicitly decided that the representation made by the officer did not promise a benefit to Julious that would have made his confessions involuntary.
The officer testified that he "probably" would not have charged Julious with additional crimes. While it is a close call, we are not persuaded that the officer's choice of words denoted a clear promise of leniency for his cooperation. Also, Julious pleaded not guilty to the three original charges. It would seem likely that had a firm commitment for leniency been made, then Julious would have pleaded no contest or guilty. Since Julious chose to dispute the original charges, as was his right, it was an indication to the trial court that no understanding between Julious and the officers had existed. Thus, from the record, we cannot conclude that the court's denial of Julious's motion to suppress was in error.
In his final assignment of error, Julious contends that, because his confessions should have been suppressed, the remaining evidence against him was insufficient to support his convictions, and that trial court thus erred in denying his Crim.R. 29 motion for acquittal. Having held that Julious's confessions were properly admitted, we overrule this assignment of error.
But Julious has injected an additional argument into his final assignment of error. He argues, without focusing on any particular offense, that there was insufficient evidence beyond his confessions for them to have been admitted. It is true that, in order for a confession to be admissible, there must be "some evidence outside of the confession that tends to prove some material element of the crime charged."[5]
In several of the offenses, Julious's confessions were bolstered by physical evidence of fingerprints, footprints, or blood that was discovered at the crime scenes and clearly implicated him. But, on one charge, the only evidence implicating Julious outside of his confession was a police report, admitted without objection.
While there may have been no other evidence in this instance specifically implicating Julious beyond his own confession, a police report written before Julious confessed and later placed into evidence clearly demonstrated that a crime had been reported to the police. Further, particular types of items, a microwave and cameras, that were alleged in the report to have been stolen, were also mentioned by Julious in his confession. We hold that the police report was sufficient evidence tending to prove that a crime had been committed, and that since the confession corroborated specific information contained in the report, the confession was admissible. We overrule Julious's final argument.
Thus the trial court properly admitted Julious's confessions and properly denied his Crim.R. 29 motion. The first, second and third assignments of error are, accordingly, not well taken, and we affirm the trial court's judgment.
Winkler and Shannon, JJ., concur.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] State v. Wilson (1996), 117 Ohio App.3d 290, 294, 690 N.E.2d 574,577.
[2] Id.; State v. Loza (1994), 71 Ohio St.3d 61, 641 N.E.2d 1082.
[3] 55 Ohio St.2d 237, 378 N.E.2d 1064.
[4] See Wilson, 117 Ohio App.3d at 294, 690 N.E.2d at 577.
[5] See State v. Maranda (1916), 94 Ohio St. 364, 114 N.E. 1038, paragraph two of the syllabus.